UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MAGDALENA VARGO,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:15-CV-520 AGF |
| | ) |
| **CITY OF ST. LOUIS, MARY HART** | ) |
| **BURTON, & FRANK OSWALD,** | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

I. **Introduction**

Plaintiff Magdalena Vargo ("Plaintiff") alleges that Defendants City of St. Louis ("City"), Mary Hart Burton ("Burton"), and Frank Oswald ("Oswald") (collectively, "Defendants") took unlawful employment actions against her in violation of 29 USC § 621 *et seq.*, the Age Discrimination in Employment Act ("ADEA") and 42 USC § 2000e, *et seq.*, Title VII of the Civil Rights Act ("Title VII").

Defendants now move the Court to dismiss this lawsuit under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff has failed to state a claim upon which relief can be granted because res judicata bars this action in that Plaintiff's Complaint ("Complaint") sets forth claims that were or could have been litigated in a prior state court judgment, and because Burton and Oswald cannot be individually liable under Title VII or the ADEA.

II. **Procedural History**

This is Plaintiff's second lawsuit alleging discrimination on the basis of age in her employment with the City of St. Louis. Exhibit A, minutes and selected pleadings from *Magdalena Vargo v. City of St. Louis et al*, 22nd Judicial Circuit Court of Missouri, Cause No. 1122-CC10536 ("Vargo I"). Plaintiff brought Vargo I alleging discrimination in her lay-off in 2010 and failure to be rehired in 2011 based on age and national origin against City, Burton, and Oswald. Exhibit A, pp.19-29. Just prior to trial, Plaintiff dismissed her claims of

national origin and failure to rehire and retaliation, but maintained her age claim related to her lay-off. Exhibit B, p. 3, Missouri Court of Appeals Order and Memorandum, February 24, 2015. Plaintiff also dismissed her claims against Burton and Oswald. At the time, Defendant alleged Plaintiff's claims associated with the failure to rehire should be

Because Plaintiff had not received her "right to sue" letter from the Equal Opportunity Employment Commission ("EEOC") or the Missouri Commission on Human Rights ("MCHR") and consequently had not exhausted her administrative remedies, City sought a Motion in Limine to preclude Plaintiff from referring to the failure to rehire prior to trial of Vargo I. Exhibit A, pp. 17-18, Motions in Limine; Exhibit A, pp. 14-15, Defendant's Suggestions in Opposition to Plaintiff's Response to Defendant's Motion in Limine. The trial court overruled City's motion and allowed Plaintiff to present evidence of the failure to rehire Plaintiff as proof of discriminatory animus associated with her lay-off. Plaintiff adduced evidence of City's failure to rehire Plaintiff, including evidence that Plaintiff hired a 26-year-old individual for the position sought by Plaintiff. Exhibit B, p. 3. In its defense, City submitted evidence of business necessity in not rehiring Plaintiff, including evidence of Plaintiff's inappropriate conduct with her superiors and the public, and profanity directed to Oswald. Exhibit B, p. 6-7. City further revealed that five of the six persons interviewed for the position Plaintiff sought were of protected classes including national origin, age, sex and race.

Plaintiff submitted her case to the jury on the single issue that City discriminated against Plaintiff on the basis of age in Plaintiff's lay-off. Exhibit A, p. 13. The jury found in favor of City. Exhibit A, p. 11. Plaintiff appealed the judgment and the Missouri Court of Appeals for the Eastern District affirmed. Exhibit B, pp. 1-12. The court's mandate was entered on March 19, 2015. Exhibit B, p. 14. On March 3, 2015, Plaintiff filed this, her second action alleging discrimination on the basis of age, retaliation arising out of the failure to rehire her, and alleging intentional infliction of emotional distress, all of which arise out the same facts which were tried in Vargo I. Defendants filed their Removal to this Court on March 24, 2015.

III. **Argument**

    A. <u>This Court Must Give Full Faith and Credit to the State Court Judgment In Vargo I</u>

Title 28 U.S.C. Section 1738 requires federal courts to afford the same full faith and credit to state court judgments as would apply in the state's own courts. This applies to actions alleging discrimination where the state court has ruled upon the discrimination claim and requires federal courts to give the same preclusive effect to such state court judgments. *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 466 (1982). Section 1738 directs the federal court to use the state court's law on the issue of preclusion. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). As such, this court must look to Missouri law as to whether Plaintiff's state court judgment precludes this second suit.

    B. <u>This Court May Consider Public Records In a Motion To Dismiss on the Basis of Res Judicata Under Rule 12(B)(6)</u>

As a threshold matter, while the general rule is that motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure shall not refer to matters outside of the pleadings, a motion raising res judicata may be raised by a motion under Rule 12(b)(6) and may refer to "public records and materials embraced by the complaint." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-764 (8th Cir. 2012). This includes prior court orders and judgments. *Magee v. Hamline University*, 1 F. Supp 3d 967, 972-973 (D. Minn. 2014), aff'd 775 F.3d 1067 (8th Cir. 2015). Consequently, in this Motion, Defendants refer the Court to the judgment of the Circuit Court, and subsequent decision of the Missouri Court of Appeals for the Eastern District affirming that judgment in Vargo I, attached hereto as Exhibit A and Exhibit B.

    C. <u>Plaintiff's Suit Is Barred by Res Judicata</u>

Res judicata, also known as claim preclusion, precludes re-litigation of the same cause of action which has been previously determined in a final judgment on the merits, and precludes raising a claim arising from the same set of facts that could have or should have been raised in the first suit. *Unverfeth v. City of Florissant*, 419 S.W.3rd 76, 90 (Mo. App. E.D. 2013), citing *Chesterfield Village., Inc. v. City of Chesterfield*, 64 S.W.3rd 315, 318 (Mo. banc 2002). In order to determine whether a claim is the same, the court looks to the factual bases for the claims, not the legal theory set forth in the pleadings. *Id*. at 319-20.

Separate legal theories are not recognized as separate claims in determining claim preclusion. *King Gen. Contractors, Inc. v. Reorganized Church of Latter Day Saints*, 821 S. W. 2d 495, 501 (Mo. banc 1991).

Missouri tracks the Eighth Circuit in determining whether res judicata applies: "the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was final on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases." *Biermann v. United States*, 67 F. Supp. 2d 1057, 1060; see also *Chesterfield Village*, supra.

In Vargo I, Plaintiff alleged discrimination in her lay-off in 2010 and discrimination in the failure to rehire her in 2011 on the basis of age as well as retaliation but only submitted her charge regarding lay-off to the jury. The claims in Vargo I meet the criteria adopted by Missouri and the Eighth Circuit in that: the judgment was rendered by a court of competent jurisdiction; the decision was final on the merits; and the cases involve the same parties. *Biermann*; *Chesterfield Village*, supra.

Not only does claim preclusion prohibit re-litigation of claims actually litigated, but it applies to "every point properly belonging to the subject matter of the litigation and which the parties exercising reasonable diligence, might have brought forward at the time." *Id*. Further, a party may not split claims which arise out of the same "act, contract or transaction" as previously litigated claims. *Kesterson v. State Farm Fire and Cas. Co.*, 242 S.W.3d 712, 716 (Mo. banc 2008). If the claim does arise out of the same act or transaction, the claim is barred under the doctrine of claim preclusion. *Chesterfield Village, Inc.*, 64 S.W.3rd at 319. The rule prohibits splitting causes of action and is designed to protect defendants from fragmented, repetitive, and costly litigation. *Bagsby v. Gehres*, 139 S.W. 3d 611, 615 (Mo. App. 2004).

It is clear that this second lawsuit is barred by claim preclusion because Plaintiff actually litigated her charge of failure to rehire. By placing facts regarding Defendants' failure to rehire Plaintiff in evidence and at issue, thereby requiring Defendant to defend those allegations, Plaintiff received a full and fair opportunity to litigate her claim of discrimination regarding the failure to rehire. Not only did Plaintiff have a full opportunity to develop her record on this point in Vargo I, but she appealed her unfavorable jury verdict to another unfavorable conclusion in the Missouri Court of Appeals. Clearly the

City's failure to rehire Plaintiff was fully litigated in Vargo I and precludes Plaintiff from raising it in this case. *King Gen. Contractors, Inc.* at 501.

The fact that Plaintiff dismissed her failure to rehire claims does not deprive Defendants of claim preclusion. While this dismissal could arguably be treated as leaving the door open for subsequent litigation on the failure to rehire charges, the record does not reveal whether this dismissal was with or without prejudice. Further, in Vargo I, Plaintiff did not set out her failure to rehire as a separate count of age discrimination in her Petition, but instead referred to Defendant's failure to rehire in her single count alleging age discrimination. Moreover, over Defendant's objection, Plaintiff actually adduced evidence of the failure to rehire, and litigated those facts. Indeed, the Missouri Court of Appeals described City's failure to rehire Plaintiff in its statement of facts. Exhibit B, p. 3. Obviously, Plaintiff's claims regarding failure to rehire were known to Plaintiff when she filed her first lawsuit because they were included in her petition in Vargo I. These claims could have been perfected and submitted to the jury had Plaintiff exercised reasonable diligence. *Chesterfiled Village*, supra. Plaintiff's second suit is simply repeat of her count alleging discrimination in the City's failure to rehire her, which she already litigated in Vargo I. Plaintiff cannot be permitted to have a second chance to argue the failure to rehire her was discriminatory, *Id.*, nor should Defendants suffer the costs and prejudice of repetitive litigation. *Bagsby*, 139 S.W. 3d at 615.

Further, Plaintiff's claim of retaliation for Defendants' failure to rehire her is simply another theory on which Plaintiff claims a right of recovery. *Siesta Manor, Inc. v. Community Federal Savings and Loan Ass'n*, 716 S.W. 2d 835, 839 (Mo. App. E.D. 1986). Plaintiff states no other facts which would give rise to her claim of retaliation; Plaintiff's claim clearly arises out of the same acts as her discrimination charge of failure to rehire. Since Plaintiff is barred from bringing her discrimination claim in this case because she litigated that claim in Vargo I, Plaintiff is similarly barred from raising the retaliation claim in this action because it is inextricably bound with her discrimination charge. *Chesterfield Village, Inc.*, at 319.

Finally, Defendants' right to claim preclusion cannot be abridged by Plaintiff's lack of due diligence in preserving her failure to rehire and retaliation counts in Vargo I. Plaintiff could have obtained a right to sue letter from the EEOC on her second charge, thereby

preserving her claims to discrimination and retaliation associated with the 2011 failure to rehire. Instead, in Vargo I, Plaintiff chose to dismiss her failure to rehire claims while not exhausting her administrative remedies. Plaintiff's failure to exercise due diligence in securing a right to sue letter in Vargo I cannot be a basis to avoid claim preclusion in this case. *King Gen. Contractors, Inc.*, at 501. Plaintiff cannot split her claims and being unsuccessful in one suit, bring another alleging the same facts.

> D. <u>Plaintiff's Claim of Intentional Infliction of Emotional Distress Is Also Barred by Res Judicata</u>

Plaintiff's suit before this court includes a common law count alleging intentional infliction of emotional distress. This count, like Plaintiff's claims for discrimination and retaliation in the failure to rehire, arise out of the same facts regarding Defendant's failure to rehire as were litigated in Vargo I. Intentional infliction of emotional distress, like retaliation, is another theory of recovery. Because several legal theories depend on different shadings of fact, emphasize different facts or call for different relief, does not change that the claims arise out of the same facts. *Siesta Manor, Inc.* at 839. Separate legal theories are not separate claims. *Id*. Because Plaintiff has plead the same facts of Defendants' wrongful conduct in this suit as she plead and proved in Vargo I, Plaintiff is barred from raising a new theory based on the same facts.

Further, in Vargo I, Plaintiff did not allege intentional infliction of emotional distress so she again attempts to split her cause of action by raising a new legal theory based on the same facts. *Chesterfield Village, Inc.*, 64 S.W.3rd at 318

> E. <u>Burton and Oswald Have No Individual Liability</u>

Alternatively, or in addition to the above, the Court should dismiss Burton and Oswald from this lawsuit because Plaintiff cannot state a claim against either as individual defendants.

The Eighth Circuit Court of Appeals has not explicitly held that individuals cannot be liable under the ADEA, but it has "squarely held that supervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Cent.-Everly Comm. Sch. Dist.,* 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley County State Bank,* 123 F.3d 690, 691-92 (8th Cir. 1997) as "establish[ing] the law of our circuit."). Further, the Eighth

Circuit has firmly held that the definition of employer under both the ADEA and Title VII are analogous. *E.E.O.C. v. Fond du Lac Heavy Equip. and Const.,* 986 F.2d 246, 251 (8th Cir.1993) ("The definition of employer in the ADEA was patterned after the definition of employer in Title VII."); *see also Lenhardt v. Basic Inst. of Tech., Inc.,* 55 F.3d 377, 380 (8th Cir. 1995). Accordingly, district courts within the Eighth Circuit have consistently and repeatedly found that individual liability is equally impermissible under the ADEA as it is under Title VII. *See Kelleher v. Aerospace Comm. Credit Union,* 927 F.Supp. 361, 363 (E.D.Mo.1996) ("[T]he Court reaffirms its previous decisions that individuals cannot be held liable under the ADEA."); *Pierce v. Washington Cnty. Cent. Dispatch 911*, No. 4:06CV1636SNL, 2007 WL 4270669, at *5 (E.D.Mo. 2007) ("This Court too finds that the ADEA does not provide for individual liability and that plaintiff's clam against [supervisor] must be dismissed for this reason also."); *Widmar v. City of Kansas City, Mo.,* No. 05-0599, 2006 WL 743171, at *2 (W.D.Mo. Mar.20, 2006) ("[T]he Court finds that binding Eighth Circuit law precludes individual liability under Title VII and the ADEA...."); *Payne v. Peter Kiewit Sons', Inc.,* No. 8:06CV686, 2007 WL 1319535, at *3 n. 4 (D.Neb. Apr.3, 2007) ("[U]nder the ADEA an individual is not an 'employer' and cannot be held individually liable."). Additionally, courts of appeal in other circuits have also concluded no individual liability exists under the ADEA. *See, e.g., Stults v. Conoco, Inc.,* 76 F.3d 651, 655 (5th Cir. 1996); *Csoka v. United States Gov't,* No. 94-1204, 1996 WL 467654, at *5 (7th Cir. Aug.12, 1996); *Smith v. Lomax,* 45 F.3d 402, 403 n. 4 (11th Cir.1995); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 511 (4th Cir.1994); *Miller v. Maxwell's Int'l, Inc.,* 991 F.2d 583, 587 (9th Cir.1993).

Here, Plaintiff alleges that Burton and Oswald were her supervisors during her employment with City. Complaint ¶¶ 18-19. She has named Burton and Oswald as individual defendants. *See* Complaint p.1. Under clear Eighth Circuit precedent, Burton and Oswald have no individual liability as her supervisors under Title VII or the ADEA. Thus, the Court should dismiss Burton and Oswald as individually-named defendants with prejudice from this lawsuit.

IV. **Conclusion**

The Court should find Plaintiff's action here is barred by res judicata in that it alleges only new legal theories based on the same facts that have already been tried to a jury in Vargo I. Plaintiff's failure to submit the instant legal theories to the jury in her first cause of action are the result of her own lack of reasonable diligence, and Defendants should not be prejudiced by this repetitive and costly litigation. Further, the Court should find that Burton and Oswald have no individual liability under Title VII or the ADEA. Defendants pray the Court dismiss them from this lawsuit with prejudice, and for reasonable costs and attorneys' fees, and for any further relief the Court deems just and proper.

Respectfully submitted,
WINSTON E. CALVERT,
CITY COUNSELOR

By:   /s/ Nancy Emmel
Nancy Emmel #32524MO
Associate City Counselor
J. Brent Dulle #59705MO
Associate City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
Phone: 314-622-4644
Fax: 314-622-4956
EmmelN@stlouis-mo.gov
DulleB@stlouis-mo.gov
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify this Notice was electronically filed with the Court for service through the electronic filing system upon: Jaclyn M. Zimmermann, PONDER ZIMMERMANN LLC, Attorney for Plaintiff, jmz@ponderzimmermann.com on April 21, 2015.

/s/ Nancy Emmel