IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MAGDALENA VARGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15CV00520 AGF |
| | ) | |
| CITY OF ST. LOUIS, MARY HART BURTON, and FRANK OSWALD, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on Defendants' motion to dismiss the case as barred by res judicata. For the reasons set forth below, Defendants' motion to dismiss shall be denied.

## BACKGROUND

This is Plaintiff's second lawsuit alleging discrimination on the basis of age, in connection with her employment with the City of St. Louis. The record shows the following: Plaintiff began working for the City's building division as a building inspector in 1987. In 1992, she became a zoning specialist, and in 2000, the City promoted her to the position of lead zoning specialist. In 2010, the City reduced the building division's budget for fiscal year 2011, resulting in the May/June 2010 layoff of three employees: a customer service coordinator who was 58 years of age, a social worker who was 50 years of age, and Plaintiff who was 62 years of age. Plaintiff's

employee status form, as well as a letter, stated that she was laid off for lack of funds and that her name would be placed on "the appropriate Reemployment from Lay Off List."

On June 21, 2010, Plaintiff filed a charge with the Missouri Human Rights Commission and received a Notice of Right to Sue, dated August 11, 2011. In or about that same month in 2011, the City's personnel department contacted Plaintiff to inform her about an open zoning specialist position. Plaintiff applied for the position, but in September 2011, Defendant May Hart Burton, the zoning administrator and Plaintiff's former supervisor, chose to hire another individual, who was 26 years old.

Plaintiff filed suit in state court on November 7, 2011, under the Missouri Human Rights Act ("MHRA"), against the same three Defendants as in the present case, alleging that her layoff in 2010 was the result of age and national origin (born in Holland) discrimination, and in retaliation for complaining about discriminatory comments by Burton. *Vargo v. City of St. Louis*, No. 1122-CC10536 (hereinafter "*Vargo I*"); *see also* Doc. No. 10-1 at 19-28. She alleged that Burton and Defendant Frank Oswald identified the positions to be laid off. The complaint did not include a claim that the failure re-hire her in September 2011 was discriminatory or retaliatory; but the complaint did mention the failure to re-hire her, which Plaintiff stated was in violation of Defendants' own policies.

The case proceeded to trial only on the claim that Plaintiff's layoff was the result of age discrimination. In a motion in limine, Defendants moved to exclude evidence of the failure to re-hire her, because she had failed to exhaust administrative remedies on that matter. (Doc. No. 10-1 at 17.) The motion was granted. Plaintiff acknowledges

2

that, nevertheless, she introduced evidence at trial that the City failed to re-hire her, instead hiring a younger person to fill a job Plaintiff was qualified for, to show Defendants' state of mind as to why she was laid off to begin with. The trial ended on October 4, 2013, with a verdict against Plaintiff. Plaintiff filed an appeal based on the trial court's exclusion of certain statistical evidence.

Meanwhile, on February 15, 2012, Plaintiff had filed a charge with the Equal Employment Opportunity Commission ("EEOC") asserting discrimination based on national origin, retaliation, and age in connection with the City's failure to re-hire her for the zoning specialist position in September 2011, even though she had "rehire rights." (Doc. No. 13-1.) On November 29, 2013, the EEOC issued its determination that there was reasonable cause to believe that Plaintiff's allegations regarding age discrimination and retaliation were true, and asked both parties to engage in conciliation efforts with the EEOC. (Doc. No. 13-2.) Conciliation failed, and on January 9, 2015, the EEOC issued a Notice of Right to Sue. (Doc. No. 13-3.)

Plaintiff initiated the present law suit in state court on February 23, 2015. She asserted that Defendants' failure to hire her for the zoning supervisor position in September 2011 was based on age discrimination and retaliation, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. (Counts I and II); retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Count III); and constituted intentional infliction of emotional distress under state common law (Count IV). On February 24, 2015, the Missouri Court of Appeals issued its decision in *Vargo I*, affirming the judgment against Plaintiff. (Doc. No. 10-2.) On

March 23, 2015, Defendants removed the action to this Court based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

Defendants now argue that Plaintiff's current failure-to-rehire claim is precluded because it was "fully litigated" in *Vargo I*. They maintain that "Plaintiff did not need a right-to-sue letter, or failed to exercise due diligence in obtaining one, to properly try this cause of action in *Vargo I*." (Doc. No. 14 at 1.) Defendants argue that Plaintiff's claim for intentional infliction of emotional distress is similarly precluded, and that in any event, Burton and Oswald cannot be held individually liable under Title VII and the ADEA.

Plaintiff responds that Defendants' motion should be considered as a motion for summary judgment because it relies on matters outside the pleadings. She argues that her claims for age discrimination and retaliation for failure to be rehired are not barred by res judicata because they could not have been brought in *Vargo I*, as a right to sue letter was not issued until a month after that case ended. Thus they were never litigated on the merits.

## **DISCUSSION**

Generally a motion to dismiss under Rule 12(b)(6) must be treated as a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). But the Eighth Circuit has recognized that the affirmative defense of res judicata may be raised in a motion to dismiss, if it is apparent on the face of the complaint that claim preclusion applies, and that in reviewing such a motion, the "face of the complaint" consists of "public records and materials embraced

4

by the complaint" including prior court orders and judgments, as well as materials attached to the complaint. *C. H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012) (citation omitted). Thus, there is no need to convert Defendants' motion to a motion to dismiss.

The preclusive effect of *Vargo I* "is governed by the law of Missouri, the State in which the judgment was rendered." *Misischia v. St. Johns Mercy Health Sys.*, 457 F.3d 800, 804 (8th Cir. 2006). "Under Missouri law, a prior judgment bars a subsequent claim arising out of the same group of operative facts 'even though additional or different evidence or legal theories might be advanced to support' the subsequent claim." *Id.* (quoting *Chesterfield Village v. City of Chesterfield*, 64 S.W.3d 315, 320 (Mo. 2002)). "The doctrine of claim preclusion bars not only the claims asserted in the first action but also claims 'which the parties, exercising reasonable diligence, might have brought forward at the time.'" *Id.* (quoting *Chesterfield Village*, 64 S.W.3d at 318).

> To determine whether res judicata applies, Missouri courts review whether separate actions arise out of the same act, contract or transaction, and whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions. *Lay v. Lay*, 912 S.W.2d 466, 472 (Mo. 1995) (internal citations and quotation marks omitted). "The word 'transaction' has a broad meaning. It has been defined as the aggregate of all the circumstances which constitute the foundation for a claim. It also includes all of the facts and circumstances out of which an injury arose." *Id.*

*Baker v. Bradley*, No. 406CV200 RWS, 2007 WL 465626, at *2 (E.D. Mo. Feb. 8, 2007).

Here, Plaintiff's layoff in 2010 and her failure to be rehired in 2011 do not arise out of the same "transaction," even giving that term a broad reading. Contrary to Defendants' assertion, the failure to rehire claim was not litigated in *Vargo I*.

5

Furthermore, the evidence necessary to sustain the failure to rehire claims is not the same as the evidence relevant to the layoff claim. Thus, even though the failure to rehire Plaintiff occurred before *Vargo I* was filed, the Court does not believe that she is precluded from pursuing the present action. *See Ziegler v. Kempthorne*, 266 F. App'x 505, 507 (8th Cir. 2008) (holding that a lawsuit claiming age discrimination in the defendant's failure to select the plaintiff for a certain position in October 1998 did not preclude the plaintiff's second lawsuit claiming constructive discharge and failure to rehire him in 1999, because the claims in the two suits did not arise out of the same nucleus of operative facts; applying federal rules of res judicata which essentially parallel Missouri's rules).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss the case is **DENIED**. (Doc. No. 9.)

A Rule 16 scheduling conference shall be set by separate Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of July, 2015.